

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-25-2006

# Oliver v. Bucks Cty Corr Fac

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2145

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Oliver v. Bucks Cty Corr Fac" (2006). *2006 Decisions.* Paper 1043.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1043

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2145
_____

ANDRE OLIVER a/k/a RONALD SUPPRI,
                                                    Appellant

v.

BUCKS COUNTY CORRECTIONAL FACILITY - WARDEN
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 04-cv-00544)
District Judge: Honorable John R. Padova
_____

Submitted Under Third Circuit LAR 34.1(a)
May 19, 2006

Before: McKEE, FUENTES and NYGAARD, CIRCUIT JUDGES

(Filed: May 25, 2006)

_____

OPINION
_____

PER CURIAM

   Andre Oliver appeals the District Court's grant of summary judgment to the

warden of the Bucks County Correctional Facility ("BCCF") on his Eighth Amendment

1

claim of deliberate indifference to hazardous health conditions at the prison. For the reasons given below, we will affirm.

Oliver was at the BCCF during April 4–15, 2002, housed separately from the general population. During his last few days at the prison, he claims he developed a small, itchy boil over his eye. Soon after Oliver was transferred to another prison, the boil grew and had to be surgically removed. Informed that it was a bacterial infection, Oliver now believes—based on articles in the *Philadelphia Daily News*—that the bacteria was methicillin-resistant *Staphylococcus aureus* ("MRSA"). The articles mention a successful suit by BCCF inmates based on their exposure to MRSA in that prison during 2001. Oliver believes that his boil was consistent with the symptoms of MRSA and that he was infected while at BCCF. Oliver's medical records make no mention of MRSA.

BCCF records show seven MRSA diagnoses spread over the six months previous to Oliver's stay. There was also one MRSA diagnosis in April 2002, the month he was there, but there were no recorded infections in the month before he came to the prison. The warden acknowledges he was aware of the infections. See Defendant's Answer to Plaintiff's Amended Complaint, 1. Oliver alleges that the infections were a serious health hazard in April 2002 and that the warden failed to warn him of the disease or to tell him how to avoid contracting it. Finally, Oliver claims that several correctional officers and inmates will testify at trial that they contracted MRSA because were not warned of an earlier outbreak in the prison.

2

The District Court found that this evidence did not establish a genuine issue of material fact as to whether the warden knew of and disregarded "an excessive risk to inmate health and safety." See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Our review of an order for summary judgment is *de novo*, viewing the facts in the light most favorable to Oliver. Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993). Summary judgment is appropriate if Oliver failed establish a genuine issue of material fact on an element essential to his case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

On appeal, Oliver argues that the presence of MRSA in the prison prior to his stay, combined with the lack of a warning or instructions on avoiding infection, proves that the Warden was deliberately indifferent to a "substantial risk of serious harm." Farmer, 511 U.S. at 837. The District Court found on reconsideration that there could not be a known, substantial risk while Oliver was at the BCCF because there were no MRSA diagnoses in the month before Oliver's arrival. In addition, we note that Oliver has not adduced any evidence which goes to the health conditions of the prison, the warden's knowledge of the serious nature of the alleged conditions, the lack of appropriate cleaning procedures, or whether he contracted or was even exposed to MRSA at all. The only evidence in the record on MRSA itself is the warden claiming that it is "present in all individuals at all times" and "not infectious" and an article which suggests that it spreads through bodily fluids and is dangerous when people are given inadequate medical care.

3

The Supreme Court has held that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. There is a question of whether Oliver was at *some* risk of catching MRSA in April, because a case of MRSA was diagnosed each month from October to February and there had been outbreaks in the past. However, the record is insufficient to establish a genuine issue of material fact as to whether there was a "substantial risk of serious harm" during his stay or whether the warden was aware of a serious risk and indifferent to it. See Hamilton v. Leavy, 117 F.3d 742, 747-48 (3d Cir. 1997) (plaintiff must provide some evidence of prison official's knowledge of a substantial risk to survive summary judgment). The District Court did not err in granting summary judgment to the warden.

Accordingly, we will affirm the judgment of the District Court.